UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

PATRICE L. HAROLD, LESLIE DRURY, as SUCCESSOR TRUSTEE of the SARA ROSE REVOCABLE LIVING TRUST u/a/d May 21, 1997, as may be now or hereafter amended, STATE OF MICHIGAN, TREASURER OF WAYNE COUNTY, and SWEWAT, LTD.

          Defendants.
_____/

Case No. 18-cv-10223

Paul D. Borman
United States District Judge

## OPINION & ORDER DENYING DEFENDANTS SWEWAT LTD AND PATRICE HAROLD'S JOINT MOTION TO STAY (ECF NO. 112)

### I. INTRODUCTION

Before the Court is Defendant SWEWAT, LTD's and Defendant Patrice Harold's Emergency Joint Motion to Stay. (ECF No. 112.) In it, Defendants request a stay of the Court's October 17, 2019 Order (1) Granting Plaintiff's Motion for Order Determining that Defendant SWEWAT, LTD has Succeeded to the Position of Defendant Harold and is Bound by All Prior Rulings in this Case, and (2) Denying Defendant's Emergency Motion to Vacate Order, (ECF No. 110).

It is not clear, but Defendants may also be asking for a stay of the August 16, 2019 Order Appointing Receiver (ECF No. 88). They do not mention that

Order in their Joint Motion (ECF No. 112), but do request that it be stayed within their brief in support of the motion. (*Compare* ECF No. 112, Motion to Stay, PgID 2757–58 (asking for stay of only ECF No. 110) *with* ECF No. 112-1, Brief in Support of Motion to Stay, PgID 2771, 2783 (asking for stay of both ECF No. 112 and ECF No. 88).) However, both Defendants argue that the August 16 Order Appointing Receiver (ECF No. 88) will remain in effect if the stay is granted, or, at least, the part of the order that requires Dr. Harold to maintain the premises and prevent waste. (ECF No. 114, Dr. Harold's Reply, PgID 2882; ECF No. 115, SWEWAT's Reply, PgID 2904.)

Regardless of whether Defendants' Joint Motion to Stay (ECF No. 112) asks for a stay of only the October 17 Order (ECF No. 110) or of both that Order and the August 16 Order Appointing Receiver (ECF No. 88), the Court denies the Motion for the reasons outlined below.

## II.   BACKGROUND

The factual and procedural background of this action to enforce federal tax liens has been detailed extensively in prior orders. (*See, e.g.*, ECF No. 110, October 17 Order, PgID 2676–79.) The following is a brief summary.

This Court entered summary judgment in favor of Plaintiff United States on June 21, 2019—holding that the United States is entitled to enforce the tax liens it held upon Dr. Harold's land contract interest in property found at 9110 Dwight

Street (the Property). (ECF No. 60, Opinion & Order, ECF No. 61, Judgment.) As of January 5, 2018, Dr. Harold owed $403,801.66 in income taxes for the years 2004 to 2014. (ECF No. 60, Opinion & Order, PgID 1167–69.) At that time, the Court was under the incorrect belief that Defendant Harold continued to hold the land contract interest. Dr. Harold filed a notice of appeal regarding the Court's grant of summary judgment on August 20, 2019. (ECF No. 89.)

On July 17, 2019, Dr. Harold informed Plaintiff and the Court that she had sold her interest in the Property to SWEWAT during the pendency of the case.[1] (*See* ECF No. 63, Dr. Harold's Objection to Motion to Appoint Receiver, PgID 1205–13.) The United States then filed an emergency motion to join SWEWAT, which this Court granted. (ECF No. 69, Order for SWEWAT.) At a hearing held on August 1, the Court denied Dr. Harold's Emergency Motion to Vacate the order joining SWEWAT (ECF No. 77) and granted the US's Motion to Appoint Receiver (ECF No. 62). (*See* ECF No. 83, Transcript of Motion Hearing held on August 1, 2019, PgID 1826–27.) On August 16, 2019 the Court appointed Austin Black II as Receiver, empowering him to arrange for the sale of the Property. (ECF No. 88.)

---

[1] Dr. Harold received $42,937.28 from this sale, and asserts that she turned over all of these proceeds to the Internal Revenue Service (IRS). ECF No. 63, Dr. Harold's Objection to Motion to Appoint Receiver, PgID 1210.) Plaintiff, as of November 7, 2019 has confirmed that the IRS has received all but $7,721.00 of these proceeds. (ECF No. 113, Plaintiff's Response, PgID 2867 n.1.)

Dr. Harold, on August 23, 2019, filed an emergency motion to vacate the order appointing the receiver (ECF No. 91), and the United States filed its Motion for Order Determining that Defendant SWEWAT, LLC Has Succeeded to the Position of Defendant Harold and Is Bound by All Prior Rulings in this Case (ECF No. 96) on September 3, 2019. This Court denied Dr. Harold's Motion and granted the United States' Motion in an Order issued on October 17, 2019. (ECF No. 110.) Defendants filed their Joint Motion for Stay on October 29, 2019 (ECF No. 112), and filed notices of appeal regarding the October 17 Order on December 16, 2019, (ECF Nos. 116, 118.) The Sixth Circuit consolidated Dr. Harold's appeal of the Opinion and Order Granting Summary Judgment (ECF No. 60) with her and SWEWAT's appeal of the October 17 Order. *United States v. Harold*, No. 19-1947/19-2459/19-2458 (6th Cir. Mar. 25, 2020).

Relatedly, on January 20, 2016, Dr. Harold filed for Chapter 7 bankruptcy, *In re Patrice Harold*, No. 16-40659 (Bankr. E.D. Mich. 2016), and on November 15, 2016, the United States initiated an adversary proceeding in the Bankruptcy Court, alleging nondischargeability of the income tax debts. *United States v. Harold (In re Harold)*, No. 16-5041. On February 12, 2020, Bankruptcy Judge Shefferly issued a final ruling in that adversary proceeding and found that Dr. Harold's tax debt is nondischargeable under § 523(a)(1)(C) of the Bankruptcy Code. *Id.*, ECF Nos. 196, 197. Dr. Harold has appealed Judge Shefferly's

4

conclusion to the United States District Court for the Eastern District of Michigan. *Id.*, ECF No. 200; *In re Harold*, No. 20-10514 (E.D. Mich. Feb. 27, 2020).

### III. STANDARD OF REVIEW

In an action, such as this one, for "an injunction or receivership," no automatic stay of execution on a judgment under Federal Rule of Civil Procedure 62 issues, even if the judgment is appealed. Fed. R. Civ. P. 62(c)(1). Instead, a party wishing to stay enforcement of the injunctive relief "may obtain a stay by providing bond or other security," or on "other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(b), (d). Whether or not to grant a stay is committed to the discretion of the court. "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant. It is an exercise of judicial discretion. *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926) (internal citation omitted).

In exercising that discretion, courts must consider "the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors are:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Id.* The first two factors carry the most weight in the analysis, so a stay will not issue where the chance of success on the merits is merely "better than negligible," or where irreparable harm is only possible. *Nken v. Holder*, 556 U.S. 418, 434–35 (2009). A high probability of significant irreparable harm "that decidedly outweighs any potential harm to the defendant if a stay is granted," weighs heavily in favor of a stay, but, even then, the moving party must show "at a minimum, serious questions going to the merits." *Griepentrog*, 945 F.2d at 153–54 (internal quotation and citation omitted). This is a difficult showing at this stage because "a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment," so "there is a reduced probability of error." *Id.* at 153. The party requesting the stay bears the burden of proof. *Nken v. Holder*, 556 U.S. at 433–34.

## IV.  ANALYSIS

Defendants' stay request does not comply with the requirements of Federal Rule of Civil Procedure 62(b) and (d). They have not provided a bond, other security, or adequate assurance that the United States' rights will be secured upon appeal. Fed. R. Civ. P. 62(b), (d). Instead, they argue that the United States is already "over secured" because Dr. Harold paid the $42,937.28 of proceeds from the private sale of her land contract interest to SWEWAT to the IRS and because this Court's July 25, 2019 Order (ECF No. 69) enjoined SWEWAT from

6

transferring or encumbering the Property. (ECF No. 112, Motion to Stay, PgID 2782.) The parties separately argue that the United States' interest is also protected by the provision of the August 16 Order Appointing Receiver (ECF No. 88) that requires Dr. Harold to maintain the premises and prevent waste. (ECF No. 114, Dr. Harold's Reply, PgID 2882; ECF No. 115, SWEWAT's Reply, PgID 2904.) These arguments are unavailing.

First, the $42,937.28, $7,721.00 of which the United States denies receiving, paid to the IRS is not sufficient security. The tax liens here at issue secure, as of January 5, 2018, $403,801.66 in unpaid income taxes. (ECF No. 60, Opinion & Order, PgID 1167–69.) The fair market value of the Property, on of December 20, 2018 and according to an appraiser selected by Dr. Harold, was $350,000. (ECF No. 68-3, Appraisal, PgID 1305.) So, accounting for the $172,408.56 still owing on the land contract, the fair market value the interest Dr. Harold sold to SWEWAT was $177,591.44. (*See* ECF No. 63, Letter to Leslie Drury, PgID 1218.) The $35,216.28 that the United States undisputedly received is only 20% of that fair market value, making it anything but over-secured.

Second, Defendants' arguments regarding the security provided by this Court's July 25, 2019 Order (ECF No. 69) and August 16, 2019 Order Appointing Receiver (ECF No. 88) are internally contradictory. (ECF No. 112, Motion to Stay, PgID 2782; ECF No. 114, Dr. Harold's Reply, PgID 2882; ECF No. 115,

SWEWAT's Reply, PgID 2904.) The July 25 Order, which enjoined SWEWAT from further transferring or encumbering the Property applied only "until this Court has made a determination regarding the respective rights of the parties." (ECF No. 69, Order, PgID 1346.) This Court made that determination in the October 17 Order Defendants want stayed, affirming that SWEWAT was properly joined as a Defendant under Federal Rule of Civil Procedure 25(c), as well as affirming the August 16 Order Appointing Receiver (ECF No. 88), which Defendants also rely on as proof of security. (ECF No. 110.) Defendants cannot rely on some provisions of the Court's July 25 and August 16 Orders while simultaneously asking this Court not to enforce the Orders.

The fact that Defendants have not provided a bond, security, or terms that secure Plaintiff's rights, as required by Federal Rule of Civil Procedure 62(d), is sufficient alone to deny the stay. Analysis of the first two, and most important, traditional preliminary injunction factors, which also govern stays pending appeal, *Griepentrog*, 945 F.2d at 153, confirms that a stay is inappropriate here.

Though it is certain that Dr. Harold will lose her leasehold interest in the Property and that SWEWAT will lose the land contract interest that it purchased in the Property (with full knowledge of the IRS liens) once the Receiver sells the Property, Defendants have failed to show "serious questions going to the merits." *Id.* at 153–54. This Court explained, in depth, why the United States was entitled to

summary judgment (ECF No. 60), why a receiver was properly appointed, and why SWEWAT is bound by all prior orders in this case (ECF No. 110). Regarding the grant of summary judgment, Defendants say only, "Harold raised genuine issues of material fact as to the Plaintiff's unilateral and illegal application of her income tax refunds to a third-party without authorization as well as the misapplication of her tax payments."[2] (ECF No. 112, Motion to Stay, PgID 2775–76.) This conclusory reiteration of Dr. Harold's arguments from the summary judgment stage does not articulate an error in the Court's analysis and therefore does not raise serious questions on the merits of the Court's grant of summary judgment. (ECF No. 60.)

Defendants' arguments on the merits of the October 17 Order, though more developed, are similarly unavailing. They offer the same argument, based on a misunderstanding of *Phelps v. United States*, 421 U.S. 330 (1975), that this Court rejected using "[a] straightforward application of long-accepted lien principles." (*See* ECF No. 112, Motion to Stay, PgID 2776–81; ECF No. 110, October 17 Order, PgID 2682.) The likelihood of success of this argument is negligible, which

---

[2] SWEWAT also makes an argument that the time for collecting Dr. Harold's taxes has expired. (ECF No. 115, SWEWAT's Reply, PgID 2904–05.) This argument is undeveloped and untimely and will not be considered. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004) (arguments raised for first time in reply are not considered).

is far less than sufficient for a stay. *See Nken*, 556 U.S. at 434 ("It is not enough that the chance of success on the merits be 'better than negligible.' ") (internal citation omitted). Accordingly, there is no basis for a stay to issue in this case.

## V. CONCLUSION

The Court DENIES the Defendants' Motion to Stay (ECF No. 112).

IT IS SO ORDERED.

Dated: May 15, 2020

s/Paul D. Borman
Paul D. Borman
United States District Judge